IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-1154-SMY |
| ) | |
| JERRY D. HUNT and DIXIE LONG, ) | |
| ) | |
| Defendants. ) | |

# ORDER AND JUDGMENT OF DEFAULT

**YANDLE, District Judge:**

Westfield Insurance Company ("Westfield") filed the instant declaratory judgment action against Defendants Jerry D. Hunt and Dixie Long on October 30, 2020, seeking a declaration that it does not owe a duty to defend or indemnify Hunt under a Westfield policy with respect to an underlying lawsuit (Doc. 1). Hunt was served with a copy of the Summons and Complaint on April 14, 2021 (Doc. 21), but failed to answer the Complaint or otherwise plead. Thereafter, a Clerk's Entry of Default was made on May 12, 2021 (Doc. 23). This matter is now before the Court on Westfield's Motion for Entry of Default Judgment (Doc. 24). For the following reasons, the Motion is **GRANTED**.

## Factual Background

### Underlying Complaint

This case arises from an underlying lawsuit filed by Dixie Long against the Township of Harrisburg, Illinois, Peony Hill, LLC, Hunt, and Darrel Mattingly ("Mattingly"), styled as *Dixie Long v. Township of Harrisburg, Illinois, et al.*, Circuit Court of Saline County, Illinois, Case No. 2020 L 12 (the "underlying action") (Doc. 1-1). In the underlying action, Long alleges that she owns 90 acres of land including, a body of water separated into an East and West Lake. She

discovered that highly contaminated wastewater was being discharged directly into her West Lake from a septic and/or sewage system pipe that originated on Hunt's Property. The septic waste moved through the sewer pipe, traversed across the Mattingly Property pursuant to a 2009 "Right-of-Way Agreement" between Mattingly and Hunt, and then entered Long's property at the western boundary line. The sewer pipe then traveled underground across Long's property to the discharge point where the sewer pipe ends and emptied the contents from Hunt's septic system into the western edge of Long's West Lake.

Long alleges that the water in her West Lake has become highly contaminated with toxic substances, including fecal coliform and E. coli bacteria, due in whole, or in part, to the discharge of septic waste into her West Lake. At no time did Hunt have permission to enter Long's property to install the septic pipeline.

Long capped and sealed the septic pipeline after discovering it on her property. She also installed a hunting camera to film the area in case anyone attempted to tamper with the septic pipeline. Two weeks after she capped the septic pipeline, the cap was removed, allowing the sewage to again discharge into Long's West Lake. Hunt also broke the hunting camera and removed the memory disc from within the camera.

Long alleges that as a result of Hunt's actions, the West Lake is no longer safe or viable for fishing or swimming. She asserts claims in the underlying action against Hunt for trespass, nuisance, violation of the Private Sewage Disposal Licensing Act and the Private Sewage Disposal Code, and negligence arising from the intentional piping of highly contaminated septic tank wastewater into Long's West Lake.

## The Westfield Policy

Westfield issued a commercial insurance coverage policy to Hunt that was in effect during the relevant period. The commercial general liability ("CGL") coverage provided under the Policy is subject to certain exclusions:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **a. Expected Or Intended Injury**
> "Bodily injury" or "property damage" expected or intended form the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> **f. Pollution**
> (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":
>
>> (a) At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured.
>> ***
>> (c) Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for:
>>
>>> (i) Any insured; or
>>>
>>> (ii) Any person or organization for whom you may be legally responsible…

(Doc. 1-3, pp. 70-71). The Policy defines "Pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed." (Doc. 1-3, p. 83).

## Discussion

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law,

that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). The Court has authority to enter declaratory default judgments. *See, W. Div. Nautilus Ins. Co. v. Front Range Env't, LLC,* 2014 WL 4414516, at *2 (N.D. Ill. Aug. 6, 2014) (citing cases).

Westfield seeks a declaration that it does not owe a duty to defend or indemnify Hunt under a Westfield policy with respect to an underlying lawsuit. An insurer's duty to defend is determined by comparing the allegations in the underlying complaint to the relevant provisions of the insurance policy. *Health Care Indus. Liab. Ins. Program v. Momence Meadows Nursing Ctr., Inc.*, 566 F.3d 689, 694 (7th Cir. 2009). "An insurer is obligated to defend its insured if the underlying complaint contains allegations that potentially fall within the scope of coverage." *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co.,* 828 N.E.2d 1092, 1098 (2005). In other words, an insurer may refuse to defend only if "it is clear from the face of the underlying complaint that the allegations set forth in the complaint fail to state facts that bring the case within, or potentially within, the coverage of the policy." *Id.* The alleged intentional discharge and funneling of raw sewage and waste from Hunt's septic system into Long's West Lake and the subsequent contamination of the lake are clearly excluded from coverage under the Westfield Policy.

The Policy's pollution exclusion prevents coverage for property damage "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants'… [a]t or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured." The Pollution exclusion also prohibits coverage for property damage arising out of the actual, alleged, or threatened discharge of pollutants which

were disposed of by any insured. The policy defines "pollutant" as a contaminant, including waste.[1]

Here, Hunt's actions of funneling raw sewage from his property through a series of pipes to Long's West Lake squarely fall within the definition of "pollutant" as the term is defined in the Policy. As such, the pollution exclusion applies to preclude coverage, and Westfield has no duty to defend or indemnify Hunt in the underlying action.

## Conclusion

For the forgoing reasons, Westfield's Motion for Entry of Default Judgment (Doc. 24) is **GRANTED**; Default Judgment is entered in favor of Westfield and against Defendant Jerry D. Hunt. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** February 18, 2022

*[signature]*

**STACI M. YANDLE**
**United States District Judge**

---

[1] Because the Policy does not define the terms "contaminant" and "waste", the Court must afford them their plan and ordinary meanings. *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 316 (Ill. 2006). The dictionary defines "contaminant," as "something that makes a place or a substance (such as water, air, or food) no longer suitable for use." *See* "Contaminant." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/contaminant. Accessed Feb. 17, 2022. "Waste" is defined, in part as "refuse from places of human habitation: such as… excrement [and] sewage." *See* "Waste." Merriam-Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/waste. Accessed Feb. 17, 2022.